# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2023

Lyle W. Cayce
Clerk

No. 23-30195
Summary Calendar

———————————

Exclusive Real Estate Investments, L.L.C.,

*Plaintiff—Appellant*,

*versus*

S.G.L. Number 1, Limited,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-443

———————————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:[*]

This appeal presents an insurance coverage dispute.

The roof of a building owned by Plaintiff-Appellant Exclusive Real Estate Investments, L.L.C. ("Exclusive") partially collapsed during a rainstorm in September 2019. Defendant-Appellee S.G.L. Number 1, Limited ("SGL") insured the building. SGL inspected the roof, determined that

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30195

Exclusive's policy did not cover the damage, and denied the claim. Exclusive then sued SGL for breach of contract and bad faith. SGL moved for summary judgment, which the district court granted. Exclusive now appeals the dismissal of its complaint. We AFFIRM.

## I.

We turn briefly to the factual background. In 2016, Exclusive purchased a single-story, flat-roofed building in Lake Charles, Louisiana. Lloyds of London issued Exclusive an insurance policy on the building with SGL as the sole subscriber. The policy covered "direct physical loss to the property" caused by windstorms. The policy, however, excluded losses "caused by rain, snow, sleet, sand or dust *unless* the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening." (Emphasis added).

On September 11, 2019, a thunderstorm struck Lake Charles. During the storm, the building's roof partially collapsed while one of Exclusive's principals, Jonathan Howard, was at the building. Exclusive submitted an insurance claim. SGL sent a field adjuster, Jimmy Romero, to inspect the loss. Romero concluded that rain caused the roof to collapse, so Exclusive's insurance policy did not cover the damage. SGL then dispatched a forensic engineer, John Rabenberg, to confirm the cause of the loss. Rabenberg concluded that none of the damage was caused by wind or wind-related forces. SGL therefore denied Exclusive's claim as an uncovered peril in November 2019.

## II.

In October 2020, Exclusive filed suit against SGL in Louisiana state court for breach of contract and bad faith. SGL removed the action to the Western District of Louisiana. The parties engaged in discovery. During discovery, Howard served as Exclusive's Rule 30(b)(6) representative.

2

No. 23-30195

Howard testified at his deposition that he saw the rain blowing sideways during the storm. Exclusive otherwise produced no evidence that the roof collapsed due to wind. After discovery, SGL moved for summary judgment.

The district court granted SGL's motion and entered final judgment, finding that SGL met its burden of showing that no coverage was owed for the claimed loss and that no breach of the duty of good faith occurred based on the denial of coverage.

III.

Now, on appeal, Exclusive argues that the district court erred by (1) finding that Exclusive failed to present competent evidence to preclude summary judgment and (2) relying on Rabenberg's opinion without first making a *Daubert* determination. Our review is de novo. *Pierce v. Dep't of the Air Force*, 512 F.3d 184, 186 (5th Cir. 2007).

First, we turn to Exclusive's primary argument that Howard's deposition testimony created a genuine issue of material fact as to whether the damage was caused by wind or rain. Exclusive, relying solely on Howard's testimony that the rain was blowing sideways, failed to present any further evidence to show wind damage to the structure.[1] In short, Exclusive produced no expert testimony to sustain its claim. On the other hand, SGL submitted evidence through depositions, reports, and photographs supporting its position that the roof collapse was not caused by wind. The district court therefore properly found that Exclusive failed to create a genuine issue of

---

[1] On appeal, Exclusive attempts to challenge—for the first time—the weather data Rabenberg used in reaching his conclusions. This challenge was not raised in the district court and is thus not properly before us. *LeMaire v. Louisiana Dep't of Transp. and Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

material fact sufficient to preclude summary judgment. *See BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1992).

Exclusive next argues that the district court erred by granting summary judgment before Exclusive could file a *Daubert*[2] motion challenging Rabenberg's qualifications. Although we note that Exclusive's argument is somewhat confusing, we find that the argument fails on two grounds. First, Exclusive failed to object that the district court proceeded without waiting for Exclusive's anticipatory *Daubert* motion. By failing to object, Exclusive forfeited this argument on appeal. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021). Second, Exclusive failed to offer proof of what its *Daubert* challenge would have explained and concluded. Exclusive therefore failed to show it was prejudiced, even if we assume the district court ruled too hastily.

For the reasons set out above, the judgment of the district court is

AFFIRMED.

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993); *see also* FED. R. EVID. 702.